# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND
### (Baltimore Division)

| | | |
|---|---|---|
| **ALLSTATE INSURANCE COMPANY** <br> 2775 Sanders Road <br> Northbrook, Illinois 60062 | * <br> <br> * | |
| *Plaintiff*, | * | |
| v. | * | Civil Action No. 1:20-cv-957 |
| **TASHE WOLFE** <br> 4011 West Belvedere Avenue <br> Baltimore, Maryland 21215 | * <br> <br> * | |
| and | * | |
| **DAWAYNE A. WOLFE, Jr.** <br> 4011 West Belvedere Avenue <br> Baltimore, Maryland 21215 | * <br> <br> * | |
| and | * | |
| **STANLEY ROCHKIND** <br> 5616 Park Heights Avenue <br> Baltimore, Maryland 21215 | * <br> <br> * | |
| and | * | |
| **N.B.S., INC.** <br> 5616 Park Heights Avenue <br> Baltimore, Maryland 21215 | * <br> <br> * | |
| <u>SERVE ON</u>: <br> Charles Runkles <br> Resident Agent <br> 5616 Park Heights Avenue <br> Baltimore, Maryland 21215 | * <br> <br> * <br> <br> * | |
| and | * | |
| **DEAR MANAGEMENT AND** <br> **CONSTRUCTION COMPANY** <br> 5616 Park Heights Avenue <br> Baltimore, Maryland 21215 | * <br> <br> * | |

|  |  |
|---|---|
| SERVE ON:<br>Charles Runkles<br>Resident Agent<br>5616 Park Heights Avenue<br>Baltimore, Maryland 21215 | *<br>*<br>*<br>* |
| and | * |
| **CHARLES RUNKLES**<br>5616 Park Heights Avenue<br>Baltimore, Maryland 21215 | *<br>* |
| and | * |
| **THE HARTFORD INSURANCE GROUP**<br>One Hartford Plaza<br>Hartford, CT 06155 | *<br>* |
| SERVE ON: | * |
| Maryland Insurance Administration<br>200 St. Paul Place, Suite 2700<br>Baltimore, MD 21202 | *<br>* |
| *Defendants*. | * |

\* \* \* \* \* \* \* \* \* \* \* \*

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff Allstate Insurance Company ("Allstate"), by and through undersigned counsel and pursuant to 28 U.S.C. § 2201, files this Complaint for Declaratory Judgment against Stanley Rochkind ("Mr. Rochkind"), and further adds Tashe Wolfe, Dawayne A. Wolfe, Jr., N.B.S., Inc., DEAR Management and Construction Company, Charles Runkles, and The Hartford Insurance Group as parties of interest.

2

**Parties**

1. Allstate is a Delaware corporation licensed to conduct business in Maryland, and has its principal place of business in Illinois. Allstate issued a Personal Umbrella Policy of insurance to the Mr. Rochkind.

2. Mr. Rochkind is a resident of Baltimore, Maryland. Prior to the filing of this declaratory action, Mr. Rochkind was named as a defendant in *Tashe Wolfe, et al. v. N.B.S., Inc., et al.,* Case No. 24-C-19-001611 (the "Underlying Suit"), whereby the plaintiffs, Tashe Wolfe and Dawayne A. Wolfe, Jr. (collectively "Tort Plaintiffs") in the Underlying Suit allege that they contracted poisoning from lead paint at a property owned and managed by Mr. Rochkind. The Underlying Suit currently is pending in the Circuit Court of Maryland for Baltimore City. By the instant declaratory action, Allstate seeks a declaration regarding its contractual obligations to Mr. Rochkind relating to the claims asserted by Tort Plaintiffs in the Underlying Suit.

3. The Tort Plaintiffs are individuals who are residents of Baltimore, Maryland. They are parties of interest to this declaratory judgment action given that they are the plaintiffs in the Underlying Suit.

4. N.B.S., Inc. is a Maryland corporation, with its principal place of business located at 5616 Park Heights Avenue, Baltimore, Maryland 21215. N.B.S., Inc. and is a party of interest in this declaratory action given it is a named defendant in the in the Underlying Suit, and Tort Plaintiffs allege that they contracted poisoning from lead paint at a property owned and managed by N.B.S., Inc.

5. Dear Management and Construction Company is a forfeited Maryland corporation, with its principal place of business located at 5616 Park Heights Avenue, Baltimore,

Maryland 21215. Dear Management and Construction Company is a party of interest to this declaratory action given it is a named defendant in the Underlying Suit.

6. Charles Runkles is an individual who is a resident of Baltimore, Maryland. He is a party of interest to this declaratory action given that he is a named defendant in the Underlying Suit.

7. The Hartford Insurance Group ("The Hartford") is a Delaware corporation with its principal place of business in Hartford, Connecticut, and is authorized to conduct business and issue insurance policies in the State of Maryland. The Hartford is a party of interest in this declaratory judgment action given that it issued general liability policies of insurance for N.B.S., Inc., a named defendant in the Underlying Suit, during the timeframe alleged in the Underling Suit.

## Jurisdiction and Venue

8. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1441(b). As required by 28 U.S.C. § 1332, there is complete diversity between the parties and damages exceed $75,000.00, as the Underlying Suit claims damages in excess of Seventy-Five Thousand Dollars ($75,000.00) and the Personal Umbrella Policy of insurance held by Mr. Rochkind provides defense and indemnity coverage up to Five Million Dollars ($5,000,000). Allstate is incorporated in Delaware, with its principal place of business in Illinois. Mr. Rochkind, Underlying Tort Plaintiffs, and Charles Runkles are all residents of Maryland. N.B.S., Inc. and DEAR Management and Construction Company were incorporated in Maryland, with their principal place of business in Maryland. The Hartford is incorporated in Delaware, with its principal place of business in Hartford, Connecticut.

4

9.	Venue is appropriate in this Court under 28 U.S.C. § 1391(b)(1), as Mr. Rochkind resides in Maryland and has his principal place of business in Maryland. Venue also is appropriate pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events giving rise to the claim occurred in Baltimore City, Maryland.

**Facts**

10.	On or about, March 13, 2019, Underlying Tort Plaintiffs filed the Underlying Suit, seeking damages in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) against Mr. Rochkind, and other defendants in the Circuit Court of Maryland for Baltimore City. The Underlying Suit alleges, and seeks to prove, that Underlying Tort Plaintiffs contracted harmful, elevated blood lead levels due to exposure to lead paint at a residential property located at 2629 Quantico Avenue (hereinafter the "Subject Premises"), in Baltimore City, Maryland, from 1998 through 2005. *See* **Complaint and Demand for Jury Trial** attached hereto as **Exhibit A.**

11.	Discovery conducted in the Underlying suit alleges that Underlying Tort Plaintiff Tashe Wolfe had contact with the Subject Premises from birth on 6/12/98 through 2000, and that Underlying Tort Plaintiff Dawayne A. Wolfe, Jr. had contact with the Subject Premises from birth on 9/02/99 through 2000.

12.	Allstate issued a Personal Umbrella Policy of insurance, No.: 028737150 ("Policy"), which provided excess personal liability coverage for Mr. Rochkind between June 13, 1988 until June 13, 2000. On June 13, 1999, an exclusion of coverage for claims alleging lead exposure went into effect. *See* **Rochkind Personal Umbrella Policy** attached hereto as **Exhibit B**.

13. Upon information and belief, The Hartford's general liability policies for N.B.S., Inc. have all been exhausted.

14. Allstate contends it has no obligation to indemnify Mr. Rochkind for any damages arising from Underlying Tort Plaintiff Tashe Wolfe's (D.O.B. 6/12/98) alleged exposure after June 13, 1999, when lead coverage under the Policy terminated.

15. Allstate contends it has no obligation to indemnify Mr. Rochkind for any damages arising from Underlying Tort Plaintiff Dawayne A. Wolfe, Jr.'s (D.O.B. 9/02/99) alleged exposure given that he was born after June 13, 1999, when lead coverage under the Policy terminated.

16. As such, Allstate contends that Mr. Rochkind is responsible for a pro-rata portion of his indemnity arising from Underlying Tort Plaintiff Tashe Wolfe's allegations in the Underlying Suit.

17. Allstate generally denies that coverage is available for Mr. Rochkind under the Policy for Underlying Tort Plaintiffs' alleged injuries; however, in the event that coverage may be available under the Policy, the Policy does not provide coverage for damages that occurred on or after the June 13, 1999 lead exclusion.

## Count I – Declaratory Judgment

18. The allegations set forth in Paragraphs 1 through 17 are incorporated herein by reference.

19. An actual and immediate controversy exists between Allstate and Mr. Rochkind with respect to Allstate's duties and obligations under the Policy.

20. Allstate contends that Mr. Rochkind is responsible for all damages awarded to Underlying Tort Plaintiff Tashe Wolfe that allegedly arose from exposure to lead occurring on or after June 13, 1999 when lead coverage under the Policy terminated.

21. Pursuant to *Pennsylvania Nat'l Casualty Ins. Co. v. Roberts*, Allstate is entitled to an allocation of any potential liability under the Policy for damages arising from Underlying Tort Plaintiff Tashe Wolfe's alleged exposure. 668 F.3d 106 (4th Cir. 2012).

22. Allstate's share of the pro-rata allocation of liability is limited to 46% of the total of any judgment for Underlying Tort Plaintiff Tashe Wolfe, with Mr. Rochkind liable for the remaining 54% of the total of any judgment for Underlying Tort Plaintiff Tashe Wolfe.

23. Allstate maintains it has no duty to indemnify Mr. Rochkind for any damages arising from Underlying Tort Plaintiff Dawayne A. Wolfe, Jr.'s alleged exposure, given that he was born on 09/02/1999, after lead coverage under the Policy terminated on June 13, 1999.

24. Allstate is entitled to a determination of its duties with respect to Mr. Rochkind under the terms of the Policy pursuant to 28 U.S.C. § 2201.

25. There is a bona fide, actual, present, and practical need for the declaration, which deals with a present, ascertained or ascertainable state of facts, or a present controversy as to a state of facts, and will terminate a controversy and remove an uncertainty.

WHEREFORE, Allstate respectfully requests that this Court enter an Order declaring that:

a) Coverage is not available for Stanley Rochkind under the Policy for any damages caused by lead exposure to Underlying Tort Plaintiff Dawyne A. Wolfe, Jr., whose birth on 9/02/99 occurred after the June 13, 1999 lead exclusion;

7

b) Coverage is not available for Stanley Rochkind under the Policy for any damages caused by lead exposure to Underlying Tort Plaintiff Tashe Wolfe that occurred on or after the June 13, 1999 lead exclusion;

c) Stanley Rochkind is responsible for all damages caused by lead exposure which occurred on or after June 13, 1999 to Tashe Wolfe;

d) Allstate's share of the pro-rata allocation of liability for Tashe Wolfe is limited to 46% of the total of any judgment for Tashe Wolfe, with Stanley Rochkind liable for the remaining 54% of the total of any judgment for Tashe Wolfe, pursuant to *Pennsylvania Nat'l Casualty Ins. Co. v. Roberts,* 668 F.3d 106 (4th Cir. 2012).

Dated:  April 14, 2020                               Respectfully submitted,

          */s/Amanda C. Sprehn*
Paul J. Weber (Bar No. 03570)
Adam Smith (Bar No. 19241)
Amanda C. Sprehn (Bar No. 28071)
Hyatt & Weber, P.A.
200 Westgate Circle, Suite 500
Annapolis, Maryland  21401
Phone:      (410) 266-0626
Fax:         (410) 841-5065
Email:       pweber@hwlaw.com
Email:       adamsmith@hwlaw.com
Email:       asprehn@hwlaw.com

*Counsel for Plaintiff*
*Allstate Insurance Company*